Mark D. Mailman, Esquire
John Soumilas, Esquire
Erin A. Novak, Esquire
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARON WELSH** ) | |
| ) | No. 1:15-cv-00601-JHR-AMD |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| **LCIJ, INC., d/b/a NATIONAL** ) | |
| **TENANT NETWORK** ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. In violation of the FCRA section 1681e(b), Defendant does not maintain policies and procedures to assure the maximum possible accuracy of the information on the consumer reports that it sells. Additionally, in violation of FCRA section 1681g(a)(2), Defendant systemically misrepresents to consumers the source of the public record information (such as civil judgments, eviction records, tax liens and bankruptcies) that it places on the consumer reports that it sells to landlords.

Defendant thus deprives consumers of valuable congressionally-mandated information and makes it more difficult for consumers such as Plaintiff to correct errors relating to these public records that are caused by Defendant and/or its private vendor sources.  As a result, Plaintiff was unable to adequately verify and/or dispute the information that Defendant sold to her potential landlords.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Sharon Welsh is an adult individual who resides in Atlantic City, NJ.

5. Defendant LCIJ, Inc., d/b/a National Tenant Network ("NTN") is a consumer reporting agency that regularly conducts business in the District of New Jersey and which has a place of business located at 188 Fries Mill Road, Blackwood, NJ 08012.

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's history as a tenant to third parties (inaccurate information).

7. The inaccurate information includes a false tenant history labeling the Plaintiff as a person with a long history of evictions, criminal offenses and inaccurate personal identifying information.  Specifically, inaccurate information includes, but is not limited to, numerous evictions and a criminal record that do not belong to Plaintiff but belong instead to another consumer who has the same or similar name as Plaintiff.

8. The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a history of evictions and is a criminal.  It appears that Defendant has

confused Plaintiff with a person with a similar name and has, as a result of its unreasonable procedures, mixed Plaintiff's tenant history with that of a consumer with a long history of evictions and a criminal record.

9. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer information and consumer reports that it has disseminated to persons and potential landlords, both known and unknown.

10. Plaintiff's consumer report and file have been obtained from Defendant and have been reviewed by prospective landlords and the inaccurate information has been a substantial factor in precluding Plaintiff from obtaining a rental property. Plaintiff's consumer reports have been obtained from Defendant by such third parties from at least September 2014 through the present.

11. Specifically, in or around September 2014, Plaintiff Sharon Welsh applied to rent an apartment with the Atlantic City Housing Authority in Atlantic City, NJ.

12. In connection with Ms. Welsh's application, Atlantic City Housing Authority ordered a consumer report about her from NTN.

13. Defendant assembled, prepared and sold to Atlantic City Housing Authority a consumer report about Ms. Welsh on or about September 15, 2014.

14. The report inaccurately included seven items of public record information and one item of criminal information. Specifically, the report contained seven records of eviction from properties where Plaintiff has never resided, and a criminal record for Compulsory School Attendance from a school where Plaintiff has never attended and in a county where Plaintiff has never resided.

15. As a result of Defendant's inaccurate report, Atlantic City Housing Authority denied Ms. Welsh's rental application.

16. In an effort to address this issue, Ms. Welsh requested her file disclosure from Atlantic City Housing Authority.

17. The inaccurate file disclosure contained the seven eviction records that were reported to Atlantic City Housing Authority.

18. The file disclosure indicates that the eviction records related to properties in Chester County, but does not disclose the court(s) in which the eviction actions were filed.

19. Defendant did not obtain these eviction records directly from any court or government entity.

20. Rather, Defendant obtained these eviction records from one of its business partners and/or private vendors.

21. Nevertheless, and pursuant to its systematic practice, Defendant failed to disclose to Plaintiff any information about the court which issued the six eviction records, or about Defendant's vendor, the true source of the records.

22. Defendant's inaccurate and incomplete disclosure impaired Ms. Welsh's ability to correct the erroneous information by preventing her from going to the source of the inaccurate information.

23. Upon information and belief, Defendant obtains its information about bankruptcies, civil judgments, eviction records, and tax liens (*i.e.*, "public record" information) from IntelliCorp Records, Inc. (IntelliCorp) and a variety of other private business that it calls "vendors," which furnish such information to national consumer reporting agencies ("CRAs").

4

24. Defendant does not obtain actual public records from courthouses or government offices.

25. Nevertheless, on the reports that it provides to consumers, NTN does not identify the source(s) of the public record information contained on the reports.

26. The public record information that Defendant receives from its vendors and data miners is not the actual court or government records. Rather it is a distilled version of those records, which does not include all of the information available at the actual courthouses or government offices where the true records are housed.

27. Defendant knows that both it and its records vendors such as IntelliCorp make mistakes in the distilled public records information that is acquired for the purposes of credit reporting.

28. These distilled records frequently have numerical and other factual errors, do not contain the most updated status of the public records, invert the debtor and creditor, and are placed upon the wrong consumer's report.

29. The FCRA unambiguously requires CRAs such as Defendant to "clearly and accurately disclose to the consumer" who requests his or her credit file "the sources" that supplied any "information" to the CRA about that consumer. 15 U.S.C. § 1681g(a)(2). Third Circuit precedent also makes it plain that a CRA must clearly and accurately disclose to consumers all information that it has about them. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010).

30. Disclosure of the true source of a CRA's information is vital so that certain credit reporting errors that originate at the source can be corrected, and so that consumers always know who is furnishing important credit information about them.

31. Nevertheless, and despite the clear mandate of FCRA section 1681g(a)(2), Defendant never discloses to consumers the true source of the public records information that it collects and reports about them.

32. Defendant conceals that its sources for public record information are private data miners or vendors that supply to it only incomplete information, which can be inaccurate or not up to date.

33. In this regard, Defendant is more interested in maintaining the appearance that it receives actual public records from true government sources and in protecting its low-cost private sources of public record data than in disclosing to consumers vital information that Congress required CRAs to disclose in FCRA section 1681g(a)(2).

34. In addition to imposing responsibilities regarding disclosures to consumers, the FCRA requires CRAs providing consumer reports to third parties, including for tenant-screening purposes, to maintain reasonable procedures to assure the maximum possible accuracy of the information contained in the reports in FCRA section 1681e(b).

35. Defendant's practices not only violate the FCRA as a matter of law, they exact serious consequences on consumer tenant-applicants and interstate commerce. When consumers such as Plaintiff, who have been inaccurately reported as having been evicted, they are viewed as less desirable tenant-applicants and more likely not to be approved for housing by the landlords and organizations who pay Defendant for such reports.

36. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of adverse public record, it is too late to correct the

contents of the report because it has already been sold to the landlord by the Defendant and has formed the basis of a decision whether to provide housing to the applicant.

37. As a result of Defendant's conduct, Plaintiff suffered actual damages in the form of lost rental opportunities, harm to credit reputation, and emotional distress, including humiliation and embarrassment.

38. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

39. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **COUNT I – VIOLATIONS OF THE FCRA**

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

42. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

43. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

44. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. §§ 1681e(b) and 1681g(a)(2).

45. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

46. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:    /s/ Erin A. Novak
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: March 12, 2015