IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**FINEMAN KREKSTEIN & HARRIS, P.C.**
A Pennsylvania Professional Corporation
BY     RICHARD J. PERR, ESQUIRE
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA  19103-7513
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com;
**Attorneys for Defendant LCIJ, Inc. d/b/a National Tenant Network**

| | | |
|---|---|---|
| SHARON WELSH, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 1:15-cv-00601-JHR-AMD |
| | : | |
| NATIONAL TENANT NETWORK, INC., and | : | |
| LCIJ, INC. d/b/a NATIONAL TENANT | : | |
| NETWORK, | : | |
| Defendants | : | |
| | : | |

**DEFENDANT LCIJ, INC d/b/a NATIONAL TENANT NETWORK'S ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIM AND DEMAND FOR JURY TRIAL**

Defendant LCIJ, INC d/b/a National Tenant Network (hereinafter "LCIJ"), by and through its undersigned counsel, answers Plaintiff Sharon Welsh's ("Plaintiff") Second Amended Complaint and Jury Demand ("Complaint") and states as follows:

**INTRODUCTORY STATEMENT**

1.     Denied. The allegations in this paragraph, if any, are denied, as they call for a legal conclusion to which no response is required. By way of further answer, all other factual allegations, if any, contained within this paragraph are also denied.

**JURISDICTION**

2.     Denied.  All of the allegations in this paragraph, if any, are denied, as they call for a legal conclusion to which no response is required.

3.     Denied.  All of the allegations in this paragraph, if any, are denied, as they call for a legal conclusion to which no response is required.

## **PARTIES**

4. Admitted in part, denied in part. LCIJ admits Plaintiff is a natural person. With regards to all other allegations, LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

5. Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

6. Admitted in part, denied in part. LCIJ admits that under certain circumstances, it may fall under the definition of "consumer reporting agency" as that term is defined in the Fair Credit Reporting Act (hereafter "FCRA"). LCIJ further admits that it has a place of business located at 188 Fries Mill Road, Blackwood, NJ 08012. Additionally, LCIJ also admits that it is a franchisee of NTN, Inc. All other allegations, if any, contained within this paragraph are denied.

## **FACTUAL ALLEGATIONS**

7. Denied.

8. Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

9. Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

10. Denied.

11. Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

12. Admitted.

13. Admitted in part denied in part. It is admitted that the Atlantic City Housing Authority (hereafter the "Housing Authority") ordered a consumer report through Co-Defendant NTN's online system in or around September 2014. All other allegations, if any, contained within this paragraph are denied.

14. Admitted in part, denied in part. It is admitted that Defendant NTN assembled, prepared, and sold a consumer report about Plaintiff to the Housing Authority. All other allegations, if any, contained within this paragraph are denied.

15. Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

16. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

17. Admitted.

      18.      Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

      19.      Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

      20.      Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

      21.      Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

      22.      Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

      23.      Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

      24.      Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

      25.      Denied.

      26.      Denied.

      27.      Denied.

      28.      Denied.

      29.      Denied.

      30.      Admitted. The statute and case cited by Plaintiff speak for themselves and are subject to judicial interpretation.

      31.      Admitted.

      32.      Denied.

      33.      Denied.

      34.      Denied.

      35.      Admitted. The statute cited by Plaintiff speaks for itself and is subject to judicial interpretation.

      36.      Denied.

      37.      Denied.

38. Denied.

39. Denied. LCIJ is without sufficient information, knowledge and belief to form an opinion as to the truth of those allegations. Therefore, they are denied.

40. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

### COUNT I - FCRA

40. LCIJ incorporates herein its above responses to the Complaint as if set forth in their entirety.

41. Admitted in part denied in part. LCIJ admits that it falls under the definition of the term "person" as that term is defined in the FCRA. LCIJ further admits that under certain circumstances, it may fall under the definition of "consumer reporting agency" as that term is defined in the FCRA. All other allegations, if any, contained within this paragraph are denied.

42. Denied. LCIJ is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and, therefore, they are denied.

43. Denied. LCIJ is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and, therefore, they are denied.

44. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

45. Denied. All of the allegations in this paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

### JURY DEMAND

Defendant demands a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action for which relief can be granted.

2. Defendant never prepared, assembled or sold a consumer report in connection with Plaintiff's application for housing with the Atlantic City Housing Authority. Any report that was sold to the Atlantic City Housing Authority was created and prepared exclusively by NTN.

3. Neither LCIJ, Inc. nor any of its employees compiled, reported, or had an opportunity to view the data contained in the reports in the course of the placement and fulfillment of the order.

4. At no time after the Atlantic City Housing Authority placed its request with NTNonline was that request ever directed to LCIJ, Inc. or any of its employees.

5. At no time did Sharon K. Welsh contact LCIJ, Inc. for any purpose whatsoever prior to the commencement of this litigation.

6. Defendant did not make any false or misleading representations to Plaintiff or anyone else.

7. None of the communication alleged by the Plaintiff contains false or misleading statements.

8. None of the communication alleged by Plaintiff contains deception.

9. Defendant did not engage in fraudulent conduct that creates a likelihood of confusion or misunderstanding.

10. None of the statements made by Defendant were inaccurate.

11. All of the statements made by Defendant were true.

12. Defendant did not have the intent necessary to rise to the level of a reckless or willful act.

13. Plaintiff failed to mitigate any damages which she may have suffered.

14. Plaintiff has suffered no compensable damages.

15. Plaintiff suffered no ascertainable loss of money or property.

16. To the extent that any employee of Defendant was acting outside of the scope of his or her employment, Defendant cannot be held liable.

17. The Fair Credit Reporting Act does not apply to this case.

18. At all pertinent times, Defendant acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.

19. Defendant reserves the right to assert additional affirmative defenses as discovery warrants.

**CROSSCLAIM FOR INDEMNIFICATION**

1. Defendant LCIJ, Inc. demands indemnification from Co-Defendant, National Tenant Network, Inc. under New Jersey and federal common law.

2. Co-Defendant NTN Inc. was at all times in exclusive control and possession of the reports ordered by the Atlantic City Housing Authority.

{00986950;v1}

3. At no time did LCIJ participate in creating or disseminating any of the reports ordered by the Housing Authority. Since LCIJ did not take any action involving the reports at issue in Plaintiff's complaint, the FCRA would not apply to LCIJ. To the extent that the Court finds that there was a violation, which LCIJ explicitly denies, any such violation would have occurred under the sole direction of NTN, Inc. NTN should therefore be responsible for indemnifying LCIJ for any litigation costs, attorney's fees and possible damages LCIJ incurs as a result of the sole and exclusive conduct of NTN, Inc.

4. On September 14, 2014, the Atlantic City Housing Authority ordered background data on Sharon K Welsh by longing into their account on Co-Defendant NTN's website.

5. NTN, Inc's website, NTNonline.com, is wholly maintained and controlled by NTN, Inc.

6. LCIJ, Inc. neither maintains nor controls the data supplied via this online system.

7. The September 14, 2014 order was placed using the wrong Social Security Number. The Housing Authority apparently discovered the error and ran a second report on Sept. 22, 2014, using the correct Social Security Number.

8. Pursuant to the two orders placed by the Housing Authority, NTN, Inc. compiled and supplied the credit reports on Plaintiff directly to the Housing Authority.

9. Neither LCIJ, Inc. nor any of its employees compiled, reported, or had an opportunity to view the data contained in these reports.

10. The reports compiled and delivered by NTN, Inc. were not sent to LCIJ, Inc. and were not reviewed by LCIJ, Inc. prior to publication to the Atlantic City Housing Authority.

11. LCIJ, Inc. had no involvement in creating the reports, reviewing the reports for accuracy, or releasing the reports to the Housing Authority or Plaintiff.

12. Since LCIJ had absolutely no involvement with the creation or dissemination of the reports, LCIJ denies violating the FCRA. Any wrong doing in connection to the reports would have been under the sole direction of Co-Defendants National Tenant Network Inc.

**WHEREFORE**, to the extent LCIJ, Inc. is found to have violated the FCRA, which it expressly denies, LCIJ, Inc. demands judgment for common law indemnification, including attorney's fees and costs, against Co-Defendant National Tenant Network, Inc.

FINEMAN KREKSTEIN & HARRIS, P.C.

By: /S/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
BNY Mellon Center

        1735 Market Street, Suite 600  
        Philadelphia, PA  19103-7513  
        (v) 215-893-9300; (f) 215-893-8719  
        e-mail: rperr@finemanlawfirm.com  
        Attorneys for Defendant LCIJ, Inc.

Dated:  July 27, 2015

## CERTIFICATE OF SERVICE

      I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

            Erin Amanda Novak, Esquire
            Mark D. Mailman, Esquire
            Francis & Mailman, P.C.
            Land Title Building, 19th Floor
            100 South Broad Street
            Philadelphia, PA  19110
            (v) 215-735-8600; (f) 215-940-8000
            enovak@consumerlawfirm.com
            mmailman@consumerlawfirm.com;
                  Attorneys for Plaintiff

            Shahram Nassi, Esquire
            LEWIS BRISBOIS BISGAARD & SMITH LLP
            333 Bush Street, Suite 1100
            San Francisco CA 94104-2872
                  Attorneys for Defendant NTN, Inc.

                              /S/ Richard J. Perr
                              RICHARD J. PERR, ESQUIRE

Dated:     July 27, 2015

{00986950;v1}